**Russell R. BROWN, Plaintiff**

v.

**Marc JOHNSON and Calvin Treat, Defendants.**

**No. 94–2205.**

United States District Court, W.D. Arkansas, Fort Smith Division.

Feb. 7, 1995.

As Amended Feb. 10, 1995.

Order Denying Relief from Decision March 7, 1995.

---

4. This statute is now codified at A.C.A. § 16–4–101. At the time *Ozark Supply* was decided, it was found at Ark.Stat.Ann. § 27–2502.

Russell R. Brown, Fort Smith, AR, pro se.

Raymond R. Mulera, U.S. Dept. of Justice, Tax Div., Washington, DC and Wyman R. Wade, Jr., Daily, West, Core, Coffman & Canfield, Fort Smith, AR, for defendants.

### ORDER

HENDREN, District Judge.

NOW on this 7 day of February, comes on for consideration the Motion to Dismiss filed on behalf of Marc Johnson and former defendants Laura Blackorby and Kirk Chaberski.[1] Also before the Court is plaintiff's "MOTION FOR RESTRAINING ORDER AND SEC-

OND REQUEST FOR JUDGEMENT [SIC] *EMERGENCY STATUS.*"

With respect to plaintiff's motion for restraining order and request for judgment "Emergency Status," the Court denies said motion. Plaintiff has failed to present the Court with facts or authority which would warrant the issuance of a restraining order or judgment "emergency status."

With respect to the Motion to Dismiss, defendant alleges the following grounds in support of his motion: 1) plaintiff has failed to serve defendant; 2) plaintiff's complaint fails to meet the heightened specificity requirements of a *Bivens* suit; 3) plaintiff's *Bivens* claim is precluded by alternate remedies; and 4) Congress has created an exclusive remedy for unauthorized collection activities.

In his amended complaint, plaintiff alleges, in pertinent part that Marc Johnson of the IRS:

> while making a "presentation" of a seizure, did willfully conspire with officer Treat to "induce the belief" "under color of law" that Mr. Brown was under arrest and must pay or "part with any property or right" in compliance to the IRS and their seizure. Using this situation to imply he owes this money to support the presentment ...

> Mr. Johnson and Mr. Treat interred [sic] Mr. Browns [sic] property with intent to use deadly force without warrant or affermation [sic]. Threaten with deadly force to comply to a jurisdiction outside their authority. To detain by handcuff without warrant or affirmation, to search his person without warrant or affirmation, take property off his person without warrant or affirmation ...

Although plaintiff does not designate the causes of actions specifically in the amended complaint, in the original complaint plaintiff referred to the applicable law as including but not limited to 18 U.S.C. § 224, 42 U.S.C. § 1983, "CFR 601.106," and "Sec—7401,7403, 7321, 7608, 7214, 6331. IR Code." It appears that plaintiff is essentially complaining about the methods used by defen-

1. On November 7, 1994, plaintiff filed an amended complaint deleting Linda Blackorby and Kirk Chaberski as defendants. They are therefore no longer defendants in this proceeding.

dants in attempting to collect certain IRS taxes they deemed owed by plaintiff, and, that defendants violated certain Constitutional rights, thereby attempting to make this an action sounding in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Even if the Court found the behavior described in plaintiff's amended complaint as constituting some sort of constitutional violation committed by defendants, courts have found it doubtful that the creation of a *Bivens* remedy would be an appropriate response in a case of this type.

First, as stated by defendant, the United States Supreme Court has stated that a cause of action against individual federal officers will not arise under *Bivens* in the following situations: 1) when Congress "expressly preclude[ ] the creation of such a remedy by declaring that existing statutes provide the exclusive mode of redress." *See Bush v. Lucas,* 462 U.S. 367, 373, 103 S.Ct. 2404, 2409, 76 L.Ed.2d 648 (1983); 2) "[w]hen the design of a government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration," *Schweiker v. Chilicky,* 487 U.S. 412, 423, 108 S.Ct. 2460, 2468, 101 L.Ed.2d 370 (1988); and 3) when special factors counselling hesitation are present. *Chappell v. Wallace,* 462 U.S. 296, 298, 103 S.Ct. 2362, 2364, 76 L.Ed.2d 586 (1983).

In the present case, Congress has, in this Court's opinion, expressly precluded the creation of a *Bivens* remedy by virtue of the language contained in 26 U.S.C. § 7433(a), which provides:

(a) **In general.** If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action *shall be the exclusive remedy* for recovering damages resulting from such actions.

(emphasis added).

The decision to not allow a *Bivens* remedy in this case is confirmed by the findings in several cases. In *Trimble v. United States,* No. 92–74219, 1993 WL 288295 (E.D.Mich. May 18, 1993), *aff'd,* 28 F.3d 1214 (6th Cir. 1994), the Court stated:

'Congress has given taxpayers all sorts of rights against an overzealous officialdom', *Cameron v. Internal Revenue Service,* 773 F.2d [126] at 129 [ (7th Cir.1985) ]. Today, these rights include, in addition to the right to sue for a tax refund under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422, and the ability to contest the validity of tax liens under 28 U.S.C. § 2410, the remedies enacted in the "Taxpayer Bill of Rights." When they are employed in their proper time and place (that is, after administrative remedies have been exhausted, and when the action for damages is not used as a device to circumvent the 'pay first litigate later' rule by litigating the accuracy of a tax assessment in a collateral, non-refund action), these remedies enable an aggrieved taxpayer to recover damages for the sorts of abuses alleged here: the wrongful failure to release tax liens, 26 U.S.C. § 7432, and the reckless or intentional violation of any provision of the tax laws 'in collection with any collection of Federal tax....' 26 U.S.C. § 7433(a). Congress has deemed Sections 7432 and 7433 the exclusive remedies for damages resulting from such abuses. *Id.* [960 F.2d 187] at 190. Thus, while there are judicial remedies available to plaintiff, he must first exhaust his administrative remedies. Plaintiff in the instant case does not even allege that he has pursued any of this administrative remedies.

*Id.* at *2.

In *Miklautsch v. Gibbs,* No. A89–291, 1990 WL 236045 (D.Alaska, Nov. 6, 1990), in discussing the Congressional intent of 26 U.S.C. § 7433, the Court stated that as Congress saw it, "[t]axpayers [did] not have a specific right to bring an action against the Government for damages sustained due to unreasonable actions taken by an IRS employee." *Id.*

at *5. In *McMillen v. U.S. Dept. of Treasury*, 960 F.2d 187 (1st Cir.1991), the McMillens asserted claims against a number of IRS employees, and contended they were entitled to recover damages from them under *Bivens*. The Court disagreed:

> We disagree, if for no other reason than that the events described in the complaint do not rise to the level of a constitutional violation. The McMillens alleged that the IRS agents who processed their case were rude, obstinate and negligent, but we agree with the Seventh Circuit that "[n]ot every interference with peace of mind is a deprivation of liberty within the meaning of the Constitution", and that "more must be shown than a lack of courtesy, accuracy, and restraint by internal revenue agents in the process of tax returns." (citation omitted).

*Id.* at 190.

It is true that in the present case, plaintiff is contending defendants acted in a manner which constituted more than discourtesy and rudeness—he claims he was threatened with deadly force. However, the *McMillen* court further stated that even if the behavior described in the complaint did constitute some sort of constitutional violation, "we doubt that the creation of a *Bivens* remedy would be an appropriate response." *Id.* The Court stated:

> The remedies Congress has created may not be perfectly comprehensive, but they do supply "meaningful safeguards or remedies for the rights of persons situated" as the McMillens were, (citation omitted), and establish "that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the [administration of the tax laws]". (citation omitted). In such cases, the courts have declined to create new *Bivens* remedies.

*Id.* at 190–191.

Based upon the foregoing, the Court finds that plaintiff's amended complaint is basically a complaint regarding the method and manner in which tax collections were conducted, and that plaintiff's exclusive remedy is under 26 U.S.C. § 7433. Therefore, plaintiff's cause of action under *Bivens* should be, and is hereby dismissed.

■ Case law also indicates that a damage suit for unauthorized collections activity must be dismissed where the taxpayer fails to file an administrative claim before seeking a judicial remedy. *See Trimble*, 1993 WL 288295 at *2. There is no allegation in plaintiff's amended complaint that plaintiff has exhausted his administrative remedies. The court therefore finds it appropriate to dismiss plaintiff's amended complaint on these grounds.

Based upon the foregoing, the Court hereby dismisses plaintiff's amended complaint. Based upon this holding, it is unnecessary for the Court to address defendant's remaining grounds.

IT IS SO ORDERED.

### AMENDED ORDER

HENDREN, District Judge.

NOW on this 10 day of February, 1995, the Court finds that the Order entered on February 7, 1995 may be misleading in that it appears to dismiss the entire complaint by virtue of the language in the last paragraph. ACCORDINGLY, the Court hereby amends the last paragraph of the Order to read as follows:

> Based upon the foregoing, the Court hereby grants the Motion to Dismiss filed on behalf of Marc Johnson. Based upon this holding, it is unnecessary for the Court to address defendant Johnson's remaining grounds. The only remaining defendant in this proceeding is Calvin Treat.

It is clear from the above amended paragraph that the complaint against Calvin Treat remains, and if the Clerk has closed this case based upon the language contained in the February 7, 1995 order, he is directed to re-open it.

IT IS SO ORDERED.

### ORDER

HENDREN, District Judge.

NOW on this 7 day of March, 1995, comes on for consideration the "Motion for Relief in

Preporation [sic] of Writ of Error." The Court will consider said motion as a motion for reconsideration of its orders entered on February 7, 1995, and February 10, 1995, wherein the Court dismissed Marc Johnson from the proceedings.

The Court has reviewed plaintiff's motion, and finds that it fails to present to this Court any legitimate reasons so as to warrant the setting aside or vacating the Court's orders referred to above.

ACCORDINGLY, the Court hereby denies plaintiff's "Motion for Relief in Preporation [sic] of Writ of Error."

IT IS SO ORDERED.